Motion to dismiss appeal allowed January 16; rehearing denied
February 6, 1940

## JAIRL v. JAIRL
(97 P. (2d) 949)

In Banc.

*Otto K. Paulus,* of Salem, for appellant.

*Edwin Keech* and *Otto M. Bowman,* both of Salem, for respondent.

PER CURIAM. The respondent moves to dismiss this appeal upon the ground that the transcript was not filed in this court within the time prescribed by the statute. There are other grounds urged for the dismissal of the appeal but it is only necessary to pass upon that particular question.

The notice of appeal was served on July 15, 1939. The statute, section 7-503, Oregon Code 1930, prescribes

that an undertaking on appeal shall be served and filed within ten days after the service of the notice of appeal with proof of such service indorsed thereon. The appellant failed to comply with this provision of the statute, but did file an undertaking one or two days after the expiration of said time. Whether appellant's failure to comply with that provision is fatal to the appeal is a question not necessary for decision here.

The statute further provides that within five days after the service of undertaking, the adverse party, or his attorney, may except to the sufficiency of the sureties and that, if no exceptions are taken, the appeal becomes perfected at the expiration of said five-day period. No exceptions were taken in the instant case.

Section 7-507, Oregon Code 1930, as amended, provides that, upon the appeal being perfected, the appellant shall within thirty days thereafter file with the clerk of this court a transcript, etc. The transcript was not filed in this court until September 29, 1939, and the time for the filing of the same was not enlarged by any valid order. It appears, however, from the transcript thus filed that an ex parte order purporting to enlarge the time for filing the transcript until October 1, 1939, was made. Section 7-507, as amended by chapter 19, L. 1937, in part provides:

"If the transcript or abstract is not filed with the clerk of the appellate court within the time provided, the appeal shall be deemed abandoned, and the effect thereof terminated, but the trial court or the judge thereof, or the supreme court or a justice thereof, may, upon such terms as may be just, by order, enlarge the time for filing the same, but the application for such order shall be served and filed within the time allowed to file transcripts, and the order shall be made within ten days thereafter; provided, that nothing contained in

this act shall prevent the trial court or a justice of the supreme court from permitting an extension of time for the filing of a transcript in any appeal at any time in accordance with and upon written stipulation and agreement of the attorneys for all of the parties in interest.''

So far as the record upon this appeal shows, the ex parte order above referred to was made and entered by the trial judge on September 7, 1939. Nothing appears in the transcript tending to show that the application for such order was in writing or that the same was filed, or that it was ever served upon the respondent or his attorneys. Nor does the record show that the order extending the time was in accordance with or upon any written stipulation or agreement of the attorneys for the respondent. Hence, since it affirmatively appears from the record before us that the requirements of the statute have not been substantially or in any manner complied with, it follows that the order, purporting to extend the time, was unauthorized and void.

For these reasons, the appeal must be dismissed, and it is so ordered.